# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE GIURBINO, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-00012-LJO-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AS UNNECESSARY**<br><br>ECF No. 47<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED**<br><br>ECF Nos. 41, 45<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**Findings and Recommendations**

**I.    Background**

Plaintiff Edward Furnace ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 17, 2010, in the Sacramento Division of the Eastern District of California. The action was transferred to this Court on January 4, 2011. This action proceeds on Plaintiff's first amended complaint, filed August 12, 2011, against Defendants J. Bales, George Giurbino, M. Hodges-Wilkins, D. Leon, R. Lopez, R. Vella, L. Warren, and S. Fuentes for violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000.[1] On February

---

[1] Defendants W. Haythorne and S. Summersett have not been served in this action. ECF No. 36.

1

27, 2012, and March 19, 2012, Defendants filed a motion to dismiss for the affirmative defense of res judicata. ECF Nos. 41, 45.[2] On March 23, 2012, Plaintiff filed an opposition to Defendants' motion. ECF Nos. 48, 49. On March 29, 2012, Defendants filed their reply. ECF No. 50. The matter is submitted pursuant to Local Rule 230(l).

## II.     Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

A defendant may raise the affirmative defense of res judicata by motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. "If, in evaluating a motion to dismiss on res judicata grounds, disputed issues of fact are raised, the defense cannot be resolved." *Takahashi v. Farmers Ins. Group–Merced Office,* No. 09–CV–01668–OWW–SMS, 2010 WL 842723, at *3 (E.D.Cal. Mar.10, 2010) (citing *Kuhlmann,* 746 F.2d at 1378).

Claim preclusion, also known as res judicata, pertains to "'the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it

---

[2] Defendant S. Fuentes filed the March 19, 2012 motion, asserting the same arguments raised by the other co-Defendants in the February 27, 2012 motion.

should have been advanced in an earlier suit . . .'" *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit.") (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

### III. Discussion

Defendants contend that Plaintiff has previously litigated this action when he filed the civil action docketed as *Edward T. Furnace v. J.G. Arceo, et al.*, 2:06-cv-01286-GEB-PAN, in the Northern District of California.[3]

Neither party disputes that a judgment on the merits was entered in *Furnace v. Arceo*.[4] Thus, the only remaining issues are whether there is an identity of claims, and whether Defendants in this action are in privity with the Defendants in *Furnace v. Arceo*.

"In determining whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.'" *Headwaters Inc.*, 399 F.3d at 1052 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.1982)). "'The crucial element underlying all of the standards is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action.'" *Harris v. Jacobs*,

---

[3] Defendants submit a request for judicial notice as to the case. ECF No. 42. The Court may take judicial notice of matters beyond the pleadings in this action, which will not convert this action from a motion to dismiss. Judicial notice may be taken of judicial records, such as the complaint, order granting summary judgment, and judgment in case No. 2:06-cv-01286-GEB-PAN. Fed. R. Evid. 201.

[4] Defendants' Exhibit C is the judgment in *Furnace v. Arceo*, entered March 3, 2008, granting summary judgment for Defendants and against Plaintiff.

3

621 F.2d 341, 343 (9th Cir. 1980) (quoting *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977)).

Defendants contend that 1) the rights and interests established by the prior court would be destroyed by prosecution of this action; 2) the evidence in both actions would be substantially the same as they all require presentation of the tenets of Shetaut Neter; 3) the same rights of free exercise of religion and equal protection are asserted in both actions; and 4) both actions arose from the same operative facts, namely the denial of a diet modeled after the tenets of Shetaut Neter and the inadequacy of the vegetarian diets provided by the correctional institutions. Defs.' Mem. P. & A. 4:16-5:6.

In *Furnace v. Arceo*, Plaintiff brought suit against J. G. Arceo, the facility captain for the Inmate Appeals Branch in Sacramento; M.S. Evans, warden of Salinas Valley State Prison ("SVSP"); correctional food manager R. Conway of SVSP; assistant correctional food manager J. Pittman of SVSP; and supervising correctional cook K. Soper at SVSP. Defs.' Ex. A, Pl.'s Compl.

Plaintiff alleged the following. Plaintiff was housed at SVSP beginning July 2, 2003. Plaintiff is a practitioner of Shetaut Neter, an African religion originating in ancient Egypt. The scriptures of Shetaut Neter mandate a "Kemetic diet" for all practitioners. The recommended diet for the physical body is a vegetarian/vegan diet which prohibits the consumption of meat, dairy, eggs, wheat, refined sugar, and table salt. The diet is primarily composed of whole foods, raw vegetables, and fruits. Optimally, the diet is at least eighty-percent organic raw vegetables and fruits. Plaintiff complained that Defendants Conway, Pittman, and Soper were responsible for providing him with a nutritionally balanced, religious vegetarian diet. Plaintiff complained that his meals contained foods that he was prohibited from consuming because of his religion. Plaintiff filed an inmate grievance regarding his dietary needs on July 28, 2005. Plaintiff complained that Defendant Arceo denied the grievance at the third level of review. Plaintiff asked to be transferred because SVSP was unwilling to provide him with his dietary requests. Plaintiff claimed a violation of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

In the instant action, Plaintiff brings suit against CDCR director George Giurbino, CDCR appeal examiners L. Warren, M. Hodges-Wilkins, and J. Bales, CDCR departmental food

4

administrator S. Summersett, CDCR food service manager W. Haythorne, CSP supervising correctional cook S. Fuentes, CSP associate warden D. Leon, CSP chief deputy warden R. Vella, and CSP warden R. Lopez.  Pl.'s Am. Compl., ECF No. 26.

Plaintiff likewise alleges that he practices Shetaut Neter and is being denied his required religious vegetarian diet at Corcoran State Prison ("CSP").  Plaintiff further alleges that he filed an inmate grievance regarding the matter on June 29, 2008, which was denied.  Plaintiff complains that CDCR and CSP Defendants are subjecting Plaintiff to discrimination on the basis of his religion, and that CDCR is implementing a statewide vegetarian diet that does not satisfy religious dietary requirements.  Plaintiff claims a violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and RLUIPA.

The Court finds that there is no identity of claims between *Furnace v. Arceo* and this action. The last factor, transactional nucleus of facts, is not met.  Plaintiff was incarcerated at two different prisons in both actions.  In *Furnace v. Arceo*, Plaintiff filed his inmate grievance at SVSP on July 28, 2005.  In this action, Plaintiff filed his inmate grievance at CSP on June 29, 2008.  These are two separate occurrences. Additionally, Plaintiff's claim in the present action is that CDCR's religious vegetarian diet plan violates his rights.  Plaintiff's claim in *Furnace v. Arceo* was that SVSP was providing him with a religious vegetarian diet that violated his rights.  These actions do not arise from the same transactional nucleus of facts.  Accordingly, Defendants' motion to dismiss for res judicata should be denied on this ground.[5]  Because there is no identity of claims, the Court does not further address the issue of privity.[6]

### IV.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss on the grounds of res judicata, filed February 27, 2012, should be denied.

---

[5] It appears that Defendants may have intended to contend that Plaintiff should be precluded from raising the same issues regarding his religious dietary meals.  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  However, that is the affirmative defense of collateral estoppel, not res judicata, and is not presently before the Court to consider.

[6] Defendants' argument that Plaintiff's RLUIPA claim should be precluded should also be denied because there is no identity of claims.

On March 23, 2012, Plaintiff moved the Court to take judicial notice of several documents and certain sections of the California Code of Regulations.  ECF No. 47.  The Court did not rely upon Plaintiff's opposition in finding against Defendants.  Accordingly, Plaintiff's request for judicial notice is denied as unnecessary.

1   These Findings and Recommendations will be submitted to the United States District Judge
2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**
3   after being served with these Findings and Recommendations, the parties may file written objections
4   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
5   Recommendations."  A party may respond to another party's objections by filing a response within
6   **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised
7   that failure to file objections within the specified time may waive the right to appeal the District
8   Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 5, 2012**               /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE