# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>  Plaintiff,<br><br>  v.<br><br>GEORGE GIURBINO, et al.,<br><br>  Defendants. | Case No. 1:11-cv-00012-LJO-DLB PC<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS SUMMERSETT AND HAYTHORNE SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECT SERVICE OF PROCESS** (ECF No. 36)<br><br>RESPONSE DUE WITHIN 21 DAYS |

Plaintiff Edward Furnace ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint, filed August 12, 2011, against Defendants J. Bales, George Giurbino, M. Hodges-Wilkins, D. Leon, R. Lopez, R. Vella, L. Warren, S. Fuentes, S. Summersett, and W. Haythorne for violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000. ECF No. 14. On December 19, 2011, the Court issued an order directing the United States Marshals Service to initiate service of process on Defendants. The Marshals Service was unable to locate Defendants Haythorne and Summersett, and returned the summonses unexecuted on January 5, 2012. ECF No. 36.

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

1

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

In this instance, the information provided by Plaintiff is insufficient, as CDCR indicated that Defendants Haythorne and Summersett are not employed at CDCR. If Plaintiff is unable to provide the Marshal with further information so that Defendants Haythorne and Summersett can be located, the Defendants shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Haythorne and Summersett should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty (21) days** from the date of service of this order, Plaintiff shall show cause why Defendants Haythorne and Summersett should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in recommendation of dismissal of Defendants Haythorne and Summesett from this action.

IT IS SO ORDERED.

Dated:   **May 17, 2013**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE

2