# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EDWARD FURNACE, | Case No. 1:11-cv-00012-LJO-DLB PC |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED** |
| v. | |
| GEORGE GIURBINO, et al., | ECF No. 60 |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I. Background

Plaintiff Edward Furnace ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 17, 2010, in the Sacramento Division of the Eastern District of California. The action was transferred to this Court on January 4, 2011. This action proceeds on Plaintiff's First Amended Complaint, filed August 12, 2011, against Defendants J. Bales, George Giurbino, M. Hodges-Wilkins, D. Leon, R. Lopez, R. Vella, L. Warren, and S. Fuentes for violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").[1] On October 29, 2012, Defendants filed a Motion to Dismiss pursuant to the doctrine of collateral estoppel. ECF Nos. 60, 61. On December 19, 2012, Plaintiff filed an Opposition to Defendants'

---

[1] Defendants W. Haythorne and S. Summersett have not been served or appeared in this action. ECF No. 36.

1

Motion.  ECF Nos. 64, 65, 66.  On January 7, 2013, Defendants filed their Reply.  ECF No. 69.  The matter is submitted pursuant to Local Rule 230(l).

## II. Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

## III. Discussion

Defendants contend that Plaintiff has previously litigated the issues in this action concerning his religious diet when he filed the prior civil action docketed as *Edward T. Furnace v. J.G. Arceo, et al.*, 2:06-cv-01286-GEB-PAN, in the Eastern District of California.[2]  Defendants also contend that Plaintiff cannot recover monetary damages against Defendant Lopez in his official capacity on Plaintiff's First Amendment claim for denial of necessary worship items, and that damages are not unavailable under the RLUIPA against Defendants in their individual or official capacities.[3]

### A. Collateral Estoppel

The doctrine of collateral estoppel, or issue preclusion, prevents re-litigation of legal and/or factual issues necessarily considered and determined in a prior legal proceeding between the same parties, or their privies.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The collateral estoppel doctrine applies with equal force to claims brought under § 1983.  *See Allen*, 449 U.S. at 105.  Collateral estoppel bars relitigation of issues adjudicated in an earlier proceeding if three

---

[2] Defendants submit a request for judicial notice as to the case.  ECF No. 61. The Court may take judicial notice of matters beyond the pleadings in this action, which will not convert this action from a motion to dismiss.  Judicial notice may be taken of judicial records, such as the complaint, order granting summary judgment, and judgment in case No. 2:06-cv-01286-GEB-PAN.  Fed. R. Evid. 201.

[3] Plaintiff asserts that this action also proceeds on claims of fraud, breach of contract, misappropriation of funds, and deliberate indifference.  Pl.'s Opp'n 2.  However, Plaintiff made no such claims in his First Amended Complaint, the operative pleading in this action.  ECF No. 26.  Plaintiff alleged violations of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the RLUIPA only.  Plaintiff's use of the legal term "deliberate indifference" is not applicable in this context, as "deliberate indifference" is typically associated with the violation of a right to be free from cruel and unusual punishment.  Thus, this action proceeds only on Plaintiff's claims for violation of the Free Exercise Clause, the Equal Protection Clause, and the RLUIPA.

requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

Neither party disputes that a judgment on the merits was entered in *Furnace v. Arceo*, or that Plaintiff, the party against whom collateral estoppel is asserted, was the same plaintiff in *Furnace v. Arceo*.[4] The only remaining issue is whether there is an identity of the issues.

The Ninth Circuit has adopted four factors to be considered in determining whether the issue in a proceeding is identical to an issue previously litigated: (1) whether there is a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first; (2) whether the new evidence or argument involves the application of the same rule of law as that involved in the prior proceeding; (3) whether pretrial preparation and discovery related to the matter presented in the first action could reasonably have been expected to embrace the matter sought to be presented in the second; and (4) whether the claims involved in the two proceedings are closely related. *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995); *see also Steen v. John Hancock Life Insurance, Co.*, 106 F.3d 904, 913 (9th Cir. 1997).

Defendants contend that all four factors are in favor of finding that the issues presented in this action and previously presented in *Furnace v. Arceo* involve the same issues for purposes of collateral estoppel.

### 1.     Substantial Overlap Between Evidence/Argument

First, Defendants contend that the evidence and argument raised in *Furnace v. Arceo* is identical or substantially similar to that presented in this complaint, namely that CDCR officials prevented Plaintiff from receiving a Kemetic diet as required by his religion, and that the vegetarian diet provided by CDCR fails to conform with his beliefs. Defs.' Mem. P. & A. 5:12-17.

In *Furnace v. Arceo*, Plaintiff brought suit against J. G. Arceo, the facility captain for the

---

[4] Defendants' Exhibit C is the judgment in *Furnace v. Arceo*, entered March 3, 2008, granting summary judgment for the defendants and against Plaintiff. A district court judgment and a ruling on a motion for summary judgment are final for purposes of collateral estoppel. *Sec. People, Inc. v. Medeco Sec. Locks, Inc.*, 59 F. Supp. 2d 1040, 1045 (N.D. Cal. 1999).

3

Inmate Appeals Branch in Sacramento; M.S. Evans, warden of Salinas Valley State Prison ("SVSP"); correctional food manager R. Conway of SVSP; assistant correctional food manager J. Pittman of SVSP; and supervising correctional cook K. Soper at SVSP.  Defs.' Ex. A, Pl.'s Compl.

Plaintiff alleged the following. Plaintiff was housed at SVSP beginning July 2, 2003. Plaintiff is a practitioner of Shetaut Neter, an African religion originating in ancient Egypt.  The scriptures of Shetaut Neter mandate a "Kemetic diet" for all practitioners.  The recommended diet for the physical body is a vegetarian/vegan diet which prohibits the consumption of meat, dairy, eggs, wheat, refined sugar, and table salt.  The diet is primarily composed of whole foods, raw vegetables, and fruits. Optimally, the diet is at least eighty-percent organic raw vegetables and fruits.  Plaintiff complained that Defendants Conway, Pittman, and Soper were responsible for providing him with a nutritionally balanced, religious vegetarian diet.  Plaintiff complained that his meals contained foods that he was prohibited from consuming because of his religion.  Plaintiff filed an inmate grievance regarding his dietary needs on July 28, 2005.  Plaintiff complained that Defendant Arceo denied the grievance at the third level of review.  Plaintiff asked to be transferred because SVSP was unwilling to provide him with his dietary requests.  Plaintiff claimed a violation of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

In the instant action, Plaintiff brings suit against CDCR director George Giurbino, CDCR appeal examiners L. Warren, M. Hodges-Wilkins, and J. Bales, CDCR departmental food administrator S. Summersett, CDCR food service manager W. Haythorne, CSP supervising correctional cook S. Fuentes, CSP associate warden D. Leon, CSP chief deputy warden R. Vella, and CSP warden R. Lopez.  Pl.'s Am. Compl., ECF No. 26.

Plaintiff likewise alleges that he practices Shetaut Neter and is being denied his required religious vegetarian diet, the Kemetic diet, at Corcoran State Prison ("CSP").  Plaintiff further alleges that he filed an inmate grievance regarding the matter on June 29, 2008, which was denied. Plaintiff complains that CDCR and CSP Defendants are subjecting Plaintiff to discrimination on the basis of his religion, and that CDCR is implementing a statewide vegetarian diet that does not satisfy religious dietary requirements.  Plaintiff claims a violation of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff contends that the issues presented in this action are different, namely because of form CDCR 3030 regarding religious diet which superseded prior California Code of Regulations governing special dietary needs.  Pl.'s Opp'n 2.  Plaintiff contends that this is a significant change because Defendants now require Plaintiff to provide proof of his religious dietary tenets before allowing him to receive religious vegetarian meals.  Plaintiff contends that CDCR-3030 forces Plaintiff to enter a contractual agreement with CDCR, and that CDCR is likewise contractually obligated to provide a true religious vegetarian diet.

Plaintiff's argument is unpersuasive.  The addition of the CDCR 3030 form merely formalizes the process by which inmates apply for religious diets.  The underlying arguments, however, substantially overlap between both proceedings: whether CDCR officials prevented Plaintiff from receiving a Kemetic diet as required by his religion, and that the vegetarian diet provided by CDCR officials did not conform with his religious beliefs.  Thus, there is a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first.  Kamilche Co., 59 F.3d at 1062.

### 2. Same Rule of Law in Both Proceedings

Plaintiff cites to *Montana v. United States*, 440 U.S. 147 (1979) as support for his argument that there has been a substantial change of the law.  *Montana*, however, is not favorable to Plaintiff's argument.  Only changes to "controlling legal principles" can render collateral estoppel inapplicable.  *Montana*, 440 U.S. at 161.  Jurisprudence concerning the Free Exercise Clause and the Equal Protection Clause as it applied to Plaintiff's action in *Furnace v. Arceo* remains the same in this action.

### 3. Pretrial Discovery

The discovery in the prior action will concern the same matters in the present action, as both actions concern CDCR's religious diets provided at all institutions, and meals are based on CDCR's standardized menus.  Defs.' Ex. B, Order Granting Summ. J. 11:25-12:6 (finding that SVSP uses standardized menus generated by CDCR).

### 4. Closely Related Claims

The claims presented in both actions regarding Plaintiff's religious diet are closely related.

Plaintiff raises both Free Exercise and Equal Protection claims in both actions regarding being provided a Kemetic diet and the alleged inadequacy of CDCR's religious vegetarian diet.

Accordingly, Defendants are entitled to collateral estoppel as to Plaintiff's Free Exercise claim and Equal Protection claim regarding receiving a Kemetic diet and CDCR's religious vegetarian diet.

### B.  Monetary Damages and Defendant Lopez in Official Capacity

Defendants contend that Plaintiff cannot recover monetary damages against Defendant Lopez in his official capacity for Plaintiff's sole remaining Free Exercise claim regarding denial of necessary worship items. Defs.' Mem. P. & A. 6:27-7:8. Defendants are correct. When suing state actors in their official capacity, plaintiffs are essentially suing the state. *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010). State officials sued in their official capacity for damages are not persons for purposes of § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Accordingly, Plaintiff's claim for damages against Defendant Lopez in his official capacity should be dismissed.[5]

### C.  Damages and RLUIPA

Defendants contend that monetary damages cannot be recovered under the RLUIPA in both their official and personal capacities. Defs.' Mem. P. & A. 7:11-8:7. Defendants contend that as to the official capacity suits, states retain Eleventh Amendment immunity from damages under RLUIPA. *Sossamon v. Texas*, 131 S. Ct. 1651, 1658-59 (2011); *Holley*, 599 F.3d at 1112. As stated previously, a suit against a state official in his or her official capacity is a suit against the state. *Will*, 491 U.S. at 71. Thus, Plaintiff's RLUIPA claim for damages against Defendants in their official capacities is barred by the Eleventh Amendment.

Defendants contend that as to their personal capacity, RLUIPA does not allow for damages claims because the RLUIPA, enacted via the Spending Clause, is a contract between government entities, not individuals. The undersigned agrees with Defendants. *See Harris v. Schriro*, 652 F. Supp. 2d 1024, 1029 (D. Ariz. 2009) (finding that RLUIPA was enacted under the Spending Clause,

---

[5] Plaintiff's claim against Defendant Lopez in his official capacity for injunctive relief remains. W*ill v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claim against Defendant Lopez in his personal capacity for damages also remains. *Hafer*, 502 U.S. at 31.

6

and is not legislation in its operation but acts as a contract, thus only the grant recipient – the state – may be liable for violation of RLUIPA) (citing *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009), *Smith v. Allen*, 502 F.3d 1255, 1272 (11th Cir. 2007), and *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 328-29 (5th Cir. 2009)).  Thus, Plaintiff's RLUIPA claim for damages against Defendants in their individual capacities should be dismissed.

### IV.     **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that

1. Defendants' Motion to Dismiss, filed October 29, 2012, should be granted;
2. Plaintiff's claims regarding receiving a Kemetic diet and CDCR's religious vegetarian diet be dismissed on the grounds of collateral estoppel;
3. Plaintiff's claims against Defendant Lopez in his official capacity for damages for denial of necessary religious items in violation of the First Amendment be dismissed;
4. Plaintiff's claims for damages against Defendants for violation of RLUIPA be dismissed; and
5. This action proceeds against Defendant Lopez in his individual capacity for damages and in his official capacity for injunctive relief for denial of necessary religious items in violation of the First Amendment, and against Defendants in their official capacity for prospective injunctive relief for violation of the RLUIPA.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

///

///

IT IS SO ORDERED.

Dated: **May 17, 2013**              /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE