# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>            Plaintiff,<br><br>   v.<br><br>GEORGE GIURBINO, et al.,<br><br>            Defendants. | Case No. 1:11-cv-00012-LJO-DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS |

Plaintiff Edward Furnace ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint, filed August 12, 2011, against Defendants J. Bales, George Giurbino, M. Hodges-Wilkins, D. Leon, R. Lopez, R. Vella, L. Warren, and S. Fuentes for violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").[1]

On October 29, 2012, Defendants filed a Motion to Dismiss pursuant to the doctrine of collateral estoppel. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2013, the Magistrate Judge issued Findings and Recommendations to grant Defendants' Motion to Dismiss certain claims. The Findings and Recommendations were served on

---

[1] Defendants W. Haythorne and S. Summersett have not been served or appeared in this action. ECF No. 36.

1

the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within fourteen days. After receiving an extension of time, Plaintiff filed objections on June 25, 2013. Defendants did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Plaintiff's objections are based on his contention that "this suit is about fraud," while his prior action was related to the denial of a transfer to another institution that could better accommodate his religious dietary requirements. Obj. 2. Plaintiff states that the Magistrate Judge "failed to even acknowledge the existence of the constitutional principle on which Plaintiff based his claim, i.e., the CDCR statewide religious vegetarian diet is a fraud and not related to religious dietary tenets to any degree whatsoever." Obj. 2.

Contrary to Plaintiff's characterization, there is no separate cause of action for fraud in his First Amended Complaint. Although he may have alleged that Defendants "intentionally misled" him in his First Amended Complaint and referenced fraud, he very clearly listed his causes of action as arising under the First Amendment, Fourteenth Amendment and RLUIPA.[2] In the Court's November 18, 2011, order finding service appropriate, the Court found that Plaintiff stated cognizable claims for relief under the First Amendment, Fourteenth Amendment and RLUIPA.

Similarly, in the Court's Findings and Recommendations, the Court noted that Plaintiff asserted that this action also proceeded on claims for fraud, breach of contract, misappropriation of funds and deliberate indifference. The Court stated that Plaintiff "made no such claims in his First Amended Complaint." Findings & Recomm. 2, n. 3.

Plaintiff's attempt to distinguish his claims now, based on a theory of fraud, does not undermine the Magistrate Judge's conclusion that the underlying arguments in both actions substantially overlap.

---

[2] By separate order, the Court denied Plaintiff's June 20, 2013, Motion for Leave to Amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 20, 2013, are ADOPTED in full;
2. Defendants' Motion to Dismiss (Document 60) is GRANTED;
3. Plaintiff's claims regarding receiving a Kemetic diet and CDCR's religious vegetarian diet are DISMISSED on the grounds of collateral estoppel;
4. Plaintiff's claims against Defendant Lopez in his official capacity for damages for denial of necessary religious items in violation of the First Amendment are DISMISSED;
5. Plaintiff's claims for damages against Defendants for violation of RLUIPA are DISMISSED; and
6. This action SHALL proceed against Defendant Lopez in his individual capacity for damages and in his official capacity for injunctive relief for denial of necessary religious items in violation of the First Amendment, and against Defendants in their official capacity for prospective injunctive relief for violation of the RLUIPA.

IT IS SO ORDERED.

Dated:   **July 19, 2013**             **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE