# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEORGE GIURBINO, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00012-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE<br><br>(Document 75) |

Plaintiff Edward Furnace ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 17, 2010, in the Sacramento Division of the Eastern District of California. The action was transferred to this Court on January 4, 2011. This action proceeds on Plaintiff's First Amended Complaint, filed August 12, 2011, against (1) Defendant Lopez in his individual capacity for damages and in his official capacity for injunctive relief for denial of necessary religious items in violation of the First Amendment; and (2) Defendants in their official capacity for prospective injunctive relief for violation of the RLUIPA.

On June 20, 2013, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. Defendants did not file an opposition.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a

1

1  party may amend only by leave of the court or by written consent of the adverse party, and leave
2  shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive
3  pleading has been served. Therefore, plaintiff may not file a second amended complaint without
4  leave of court.

5  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
6  requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)
7  (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the
8  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
9  delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient
10 to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
11 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

12 Plaintiff's motion does not set forth the reasons for his request, nor does he address any of
13 the factors used in the Rule 15(a) analysis. Instead, he simply states that he would like to file an
14 amended complaint to "clear up defects in the prior pleadings." Mtn. 2. In reviewing the lodged
15 proposed Second Amended Complaint, it appears that Plaintiff wants to add claims of conspiracy,
16 fraud, misappropriation of funds and cruel and unusual punishment under the Eighth Amendment.

17 Plaintiff's failure to discuss the factors above makes it impossible for the Court to analyze his
18 motion. Accordingly, the motion is DENIED WITHOUT PREJUDICE.

19
20 IT IS SO ORDERED.

21    Dated:   **July 22, 2013**                    /s/ Dennis L. Beck
22                                                 UNITED STATES MAGISTRATE JUDGE