# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE, <br><br> Plaintiff, <br><br> vs. <br><br> GIURBINO, et al., <br><br> Defendants. | 1:11cv00012 LJO DLB PC <br><br> FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION <br><br> (Document 4) |

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Pursuant to the Court's recent order, this action is proceeding against (1) Defendant Lopez in his individual capacity for damages, and in his official capacity for injunctive relief for violation of the First Amendment; and (2) Defendants in their official capacity for prospective injunctive relief for violation of the RLUIPA. All causes of action relate to the alleged denial of necessary religious items.

On December 17, 2010, Plaintiff filed a Motion for Preliminary Injunction. Defendants did not file an opposition.

A. **LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. Munaf v. Geren, 553 U.S. 674, 688–90 (2008) (citations and quotation omitted).

Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 17 (2008) (citation and quotation omitted). The instant motion requires the court to determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter, 555 U.S. at 17 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Here, Plaintiff seeks relief relating to (1) his religious diet; (2) receipt of incoming mail; and (3) access to the appeals process. These claims are not part of the operative complaint and the Court therefore has no jurisdiction to provide the requested relief.

## RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days

after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 22, 2013**  /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE